IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

UNITED STATES OF AMERICA

v.

WAYNE MATTHEW ELIOTT

CRIMINAL CASE NO.
1:19-CR-00278-LMM-JSA-4

## DEFENDANT'S PERFECTED MOTION FOR JUDGMENT OF ACQUITTAL OR, IN THE ALTERNATVE, MOTION FOR NEW TRIAL

COMES NOW WAYNE MATTHEW ELLIOTT, by and through undersigned counsel, and moves this Court pursuant to Federal Rules of Criminal Procedure 29(c), 29(d)(1), and Rule 33 to set aside the jury's guilty verdict as to the lesser included offense of attempted possession of a controlled substance-methamphetamine and enter a judgement of acquittal or, in the alternative, order a new trial.  In support thereof, Mr. Elliott shows the Court as follows:

I.      BACKGROUND

On July 24, 2019, the government indicted Mr. Elliott and three co-defendants in connection with an alleged drug-trafficking conspiracy.  Doc. 10.  Mr. Elliott was charged with 1) conspiring to possess with intent to distribute at least 500 grams of a mixture and substance containing a detectable amount of methamphetamine, 2) attempted possession with the intent to distribute at least 500 grams of a mixture and substance containing a detectable amount of methamphetamine.

He proceeded to trial on March 28, 2022.  Doc. 224.  The government's evidence showed that Mr. Elliott lived in Marion, North Carolina, about three-and-a-half to four hours from Atlanta.  Doc. 263 at 49, 140.  Although, co-defendant Kevin Brown lived in Marietta, Georgia, Mr. Elliott was never observed during months of surveillance of Mr. Brown in Georgia. Doc. 263 at 48; 251, 252. Government witnesses testified that between May 31 and June 2, 2019, Mr. Brown and Mr. Elliott exchanged text messages.  The government submitted evidence that on the evening of the 31st, Mr. Brown told Mr. Elliott that he was "waiting on his plug" and "I got half little less right now."  The agent testified that Mr. Brown did not specify what he was referring to.  The witness then testified that someone using a phone tied to Mr. Elliott responded, "Damn, I need what you got, meet me halfway."  Doc. 263 at 219.  No further texts from that evening are outlined.

The government then submitted evidence that Mr. Brown met with a drug supplier in Atlanta and then texted Mr. Elliott, "[J]ust picked up the fruit" and that Mr. Elliott responded, "Come on." Doc. 263 at 222.  Mr. Brown then said, "[A]ll the way to Marion?" and "I'll see you in the a.m., better be up waiting."  Doc. 263 at 223.  Later, Mr. Elliott sent Mr. Brown a message saying, "[W]here or were I come to you or something, loosing (verbatim) a lot of," and "then there's eight dollar signs." Doc. 263 at 223.

2

The government alleged that on June 2, 2019, co-defendant Brown was planning to bring methamphetamine to Mr. Elliott at his home in North Carolina. Doc. 263 at 54.  However, Mr. Brown was arrested in front of his Marietta, Georgia neighborhood in the early morning on June 2.  Doc. 263 at 225.  He had two kilograms of methamphetamine hidden in the back of his truck.  Doc. 263 at 226.

Agents then went to Mr. Elliott's North Carolina home and questioned about him the alleged drug transaction.  Although it was obvious that Mr. Elliott had been drinking and smoking methamphetamine, officers questioned him anyway.  Doc. Doc. 263 at 79, 97, 104, 146.  According to officers, Mr. Elliott admitted that Mr. Brown was bringing methamphetamine to him in North Carolina.  Doc. 263 at 58. Agents asked Mr. Elliott how much Mr. Brown charged for a kilogram of methamphetamine and Mr. Brown said, "Ten eight."  The agent understood this to mean, "$10,800." Doc. 263 at 77.  He understood this based on the "going price for methamphetamine" and the fact that Mr. Elliott had $29,000.  Doc. 263 at 77.

Mr. Elliott was not arrested on June 2, 2019.  He was arrested a little more than a month later in North Carolina.  Doc. 263 at 145.

At the close of the trial evidence, defense counsel made an oral motion for judgment of acquittal as to the conspiracy count.  Doc. 264 at 302, 208.  This motion was denied.  Doc. 264 at 313.

Defense counsel requested that the jury be instructed on the lesser included offense of attempted possession of a controlled substance.  Doc. 218 at 27.  The Court instructed the jury, "The Defendant can be found guilty of the lesser included offense of attempted possession if it is proven beyond a reasonable doubt that the defendant knowingly attempted to possess a controlled substance."  Doc. 264 at 356.

The jury acquitted Mr. Elliott on Counts 1 and 2 (formerly Count 3 in the Indictment).  They convicted him of the lesser included offense of attempted possession of a controlled substance.  Doc. 239 at 2.  Doc. 265 at 376.

Mr. Elliott filed a preliminary motion asking the Court to grant his request for a judgment of acquittal or in the alternative, his motion for a new trial.  Doc. 241.  He now files this perfected motion.

II.     MR. ELLIOTT'S CONVICTION SHOULD BE VACATED BECAUSE THE GOVERNMENT FAILED TO PROVE VENUE WAS PROPER OR THAT MR. ELLIOTT TOOK A SUBSTANTIAL STEP TO FURTHER THE ATTEMPTED POSSESSION CRIME.

Mr. Elliott now moves this Court pursuant to Fed. R. Crim. P. 29(c)(1), which states that a defendant may move for a judgment of acquittal, or renew such a motion, within 14 days after a guilty verdict or after the court discharges the jury, whichever is later.  A defendant is not required to move for a judgment of acquittal before the court submits the case to the jury as a prerequisite for making such a motion after jury discharge.  Rule 29(c)(3).

4

On Rule 29 motions contending insufficiency of the evidence, the evidence is examined in the light most favorable to the prevailing party, the government. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *United States v. Thomas*, 8 F.3d 1552, 1556 (11th Cir. 1993). "It is not necessary that the evidence exclude every other reasonable hypothesis of innocence or be wholly consistent with every conclusion except that of guilt, provided that a reasonable trier of fact could find that the evidence established guilt beyond a reasonable doubt. A jury is free to choose among reasonable constructions of the evidence. The reversal of a conviction for insufficient evidence is warranted only if no reasonable jury could find proof of guilt beyond a reasonable doubt.  Nevertheless, there must be sufficient evidence to support all necessary elements of the crime."  *Thomas,* 8 F.3d at 1556.

### A. *Venue was not proper as to the attempted possession count.*

"The Constitution, the Sixth Amendment, and Rule 18 of the Federal Rules of Criminal Procedure guarantee defendants the right to be tried in the district in which the crime was committed." *United States v. Little*, 864 F.3d 1283, 1287 (11th Cir. 2017) (internal quotation marks omitted); *see also* U.S. Const. art. III, § 2, cl.3; *id*. amend. VI. Fed. R. Crim. P. 18 provides:

> Unless a statute or these rules permit otherwise, the government must prosecute an offense in a district where the offense was committed. The court must set the place of trial within the district with due regard for the convenience of the defendant, any victim, and the witnesses, and the prompt administration of justice.

5

*Id*.

Venue must be proved by a preponderance of the evidence. *Little*, 864 F.3d at 1287. The remedy for improper venue is vacatur of the conviction, not acquittal or dismissal with prejudice. *See, e.g., United States v. Davis*, 666 F.2d 195, 202 (5th Cir. Unit B 1982).

Venue is proper at the locus delicti, which is determined by "the nature of the crime alleged and the location of the act or acts constituting it." *United States v. Rodriguez-Moreno*, 526 U.S. 275, 279, 119 S. Ct. 1239, 143 L. Ed. 2d 388 (1999) (internal quotation marks omitted); *accord United States v. Cabrales*, 524 U.S. 1, 6-7, 118 S. Ct. 1772, 141 L. Ed. 2d 1 (1998). "In performing this inquiry, a court must initially identify the conduct constituting the offense (the nature of the crime) and then discern the location of the commission of the criminal acts." *Rodriguez-Moreno*, 526 U.S. at 279.

The nature of the crime at issue is the attempted possession of a controlled substance. The elements of attempted possession of a controlled substance are:

> First: That the Defendant knowingly intended to commit the crime of possession of a controlled substance; and Second: The Defendant's intent was strongly corroborated by his taking a substantial step toward committing the crime.

> A "substantial step" is an important action leading up to committing of an offense – not just an inconsequential act. It must be more than simply preparing. It must be an act that would normally result in committing the offense.

*United States v. McDowell,* 250 F.3d 1354, 1365 (11th Cir. 2001); 21 U.S. Code §
844.

In this case, all of the essential acts undertaken by Mr. Elliott took place in
North Carolina.  The location of any crime committed by Mr. Elliott was North
Carolina.  Mr. Elliott did not possess a controlled substance or attempt to possess a
controlled substance in the Northern District of Georgia.  Had Mr. Elliott actually
possessed the drugs at issue, he would have done so in North Carolina.  A conviction
for an attempted crime requires that ***the defendant*** take a substantial step toward
committing the crime.  Any substantial step Mr. Elliott is alleged to have taken
occurred in North Carolina, not Georgia.  For all of these reasons, Mr. Elliott's
conviction should be vacated.  *See United States v. Smith*, 22 F.4th 1236 (11th Cir.
2022).

In *Smith*, the Eleventh Circuit Court of appeals recently addressed the issue
of venue and vacated a conviction on one count based on improper venue because
the defendant never committed any essential conduct in the charged location.  This
was true even though venue may have been properly alleged for a separate count in
the indictment.  *See Smith*, 22 F.4th at 1244-45, *citing United States v. Schlei*, 122
F.3d 944 (11th Cir. 1997) (vacating conviction and finding that the Middle District
of Florida was not the proper venue for a securities fraud transaction that occurred
in Minot, North Dakota and noting that it is possible that some of the jurors voted to

7

convict the defendant based upon another person's conduct in another state). Here, Mr. Elliott took no actions in the Northern District of Georgia. Although his co-defendant was in Georgia, there is no evidence to suggest that Mr. Elliott committed any act in furtherance of the possession of a controlled substance in the Northern District of Georgia. The jury should not be permitted to convict Mr. Elliott of the attempted possession of a controlled substance based on what a co-defendant did in another district.

Just as the government failed to prove its case in *Smith* and *Schlei*, it also failed here. Because the government failed to prove that Mr. Elliott took any action in any state other than North Carolina, venue was not proper and his conviction should be vacated.

### B.    *The government failed to prove that Mr. Elliott took a substantial step to further the possession crime.*

The elements of attempted possession of a controlled substance are:

First: That the Defendant knowingly intended to commit the crime of possession of a controlled substance; and Second: The Defendant's intent was strongly corroborated by his taking a substantial step toward committing the crime.

A "substantial step" is an important action leading up to committing of an offense – not just an inconsequential act. It must be more than simply preparing. It must be an act that would normally result in committing the offense.

*United States v. McDowell,* 250 F.3d 1354, 1365 (11th Cir. 2001); 21 U.S. Code § 844. Whether a given activity or course of conduct amounts to a substantial

step toward the commission of a crime is a question of fact that will vary from case to case depending not only upon the activity or course of conduct itself, but also upon the nature of the underlying offense to which the attempt is tied. *United States v. Rothenberg*, 610 F.3d at 627 (11th Cir. 2010). The substantial step cannot be ambiguous, but must be "unequivocal." *Fryer v. Nix*, 775 F.2d 979, 994 (8th Cir. 1985).

In this case, the government failed to prove that Mr. Elliott took a substantial step in regards to the attempted possession of a controlled substance count. Viewing the evidence in the light most favorable to the government, the evidence showed that Mr. Elliott texted with Mr. Brown and then he waited at his house. Neither of these actions are sufficient to satisfy the substantial step requirement. Even if the evidence is viewed the light most favorable to the government, Mr. Elliott was merely preparing to meet with Mr. Brown. None of the text messages included an actual offer and acceptance of product for price. The fact that a witness asked Mr. Elliott what Mr. Brown charges for a kilogram of methamphetamine is not sufficient to support the claim that an actual deal had been made. Further negotiations could have occurred when Mr. Brown arrived. Mr. Elliott took no steps to move the deal forward other than to tell Mr. Brown to "Come on."

When key elements of the drug deal are incomplete, making an appointment with a known drug supplier, even one who has previously fronted drugs to the

defendant at a fixed price is not enough to show a substantial step.  *United States v. Yossunthorn*, 167 F.3d 1267 (9th Cir. 1999).  In *Yossunthorn*, the court held that the defendant merely initiated the transaction by indicating his desire to purchase heroin and scheduling a meeting with the seller to negotiate a deal.  This was insufficient to show attempted possession with intent to distribute heroin.  *Id.* at 1269.

Likewise, in *United States v. Joyce*, 693 F.2d 838 (8th Cir. 1982), the Eighth Circuit Court of Appeals overturned a conviction for attempting to possess cocaine with intent to distribute.  There, the defendant flew from Oklahoma City to St. Louis to purchase cocaine, arrived at the arranged hotel room with $ 22,000 cash, and momentarily handled the package of cocaine. But negotiations broke down in the hotel room and the defendant left without making a purchase. The court held that a reasonable jury could not find a substantial step, because "the [attempter's] act must have passed the preparation stage so that if it is not interrupted extraneously, it will result in a crime," and "Joyce, despite having both the opportunity and ability to purchase the cocaine at the agreed upon price, unambiguously refused." 693 F.2d at 841-42.

Just as in *Joyce* and *Yossunthorn*, there is no evidence that Mr. Elliott did anything other than arrange a meeting with a dealer.  Because Mr. Elliott's actions in this case did not rise the level of a substantial step toward committing the crime of attempted possession of methamphetamine, his conviction should be vacated.

10

III.    CONCLUSION

Mr. Elliott asks this Court to grant his motion for judgment of acquittal pursuant to Rule 29 or, in the alternative, grant his request for a new trial pursuant to Rule 33(a) because the interest of justice so requires.  Should the Court grant the motion for judgment of acquittal, Mr. Elliott ask the Court to find that a new trial should be granted if the judgment of acquittal is later vacated or reversed. *See* Rule 29(d)(3)(A).

Dated: this 15th day of August 2022.

Respectfully Submitted,

*/s/ Saraliene Durrett*
Saraliene Durrett
Georgia Bar No. 837897
Attorneys for Mr. Elliott